Per Curiam.

The trial court’s decision is predicated upon the erroneous premise that because the landlord did not affirmatively cause the condition giving rise to the two incidents of flooding, there could be no constructive eviction.
Notwithstanding that the culpable condition is not in the first instance created by the landlord, if there is an obligation on the part of a landlord to correct the condition and he fails to do so within a reasonable time, thereby substantially depriving tenant of the beneficial use and enjoyment of his possession, in consequence of which tenant abandons the demised premises, there is a constructive eviction (Rasch, New York Landlord & Tenant [2d ed], §§ 921, 922).
The trial record having been molded by the erroneous premise adopted by the court below, it lacks the evidentiary sufficiency necessary to enable this court to properly make the requisite factual determinations and both the parties and the interests of justice will best be served by a new trial.
We reach no other issue.
Judgment, entered October 3, 1974 (Scott, J.), reversed and new trial ordered, with $30 costs to appellant to abide the event.
Concur — Dudley, P. J., Fine and Frank, JJ.